UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSIAH BOYD, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-131-JTM-JEM |
| CHANDA J. BERTA, | |
| Defendant. | |

## OPINION AND ORDER

Josiah Boyd, a prisoner without a lawyer, filed a Motion to Compel Public Record, which this court construes as a complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Boyd alleges that he sought public records from this court, and he has not been provided with a cost for copying those records. On November 27, 2024, Boyd sent the Clerk of this court a public records requests pursuant to Indiana Code section 5-15-3. He describes the record he is seeking as follows:

> A-117, Assault on Staff, Loss of Kiosk, phone, commissary for 45 days, 1 year disciplinary segregation, demotion in credit class 1 to 3, 2254 prison

disciplinary, DOUBLE JEOPARDY case v. Ed Buss [illegible character]2008, FRAP 31.1(a)(i)(ii).

(DE # 1-1 at 1.) He indicates he did not receive a response, so he filed a complaint with Indiana's Public Access Counselor using State Form 49407 (R6 / 3-14). Boyd brings this action pursuant to 5 U.S.C. section 706, Indiana Code sections 5-14-3 and 5-14-5-9, and Federal Rule of Appellate Procedure 45(d).

The federal statute Boyd relies upon, 5 U.S.C. section 706, governs judicial review of agency decisions. The United States Courts, however, are not an agency within the meaning of that statute. *See* 5 U.S.C. § 551 ("'agency' means each authority of the Government of the United States … but does not include … the courts of the United States[.]").

The two Indiana code provisions that Boyd relies upon, I.C. §§ 5-14-3 and 5-14-5-9, apply to state and local governments. The provisions do not apply to the federal government.

Federal Rule of Appellate Procedure 45(d) makes clear that the clerk retains documents following an appeal in a federal case, but Boyd is not alleging that the clerk has failed to retain records. Furthermore, a violation of the Federal Rules of Appellate Procedure does not give rise to a private right of action.

Boyd's complaint does not state a claim. Even if the provisions Boyd relies upon permitted him to bring a lawsuit in federal court for the clerk's alleged failure to respond to his request, he could not succeed. Boyd's request is far too imprecise for the clerk to identify specific documents that Boyd is seeking. It does not identify a case number or a case name, and it does not identify specific filings within a specific case.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

                            **SO ORDERED.**

Date: March 6, 2024

                          s/James T. Moody
                          JUDGE JAMES T. MOODY
                          UNITED STATES DISTRICT COURT